IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLANDO MIRANDA,

      Plaintiff,                            No. CIV S-06-2249 MCE GGH P

    vs.

JAMES TILTON, et al.,

      Defendants.              <u>ORDER</u>

/

        Plaintiff is a former state prisoner proceeding pro se. Plaintiff filed this action when he was incarcerated. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff first alleges that defendants Primm and Jacobson used excessive force. These allegations state a colorable claim for relief. Plaintiff alleges that defendant Hogan performed a physically intrusive search, apparently without good cause. Plaintiff alleges that defendant Guillen knew about the search and told plaintiff not to worry about it. These allegations state a colorable claim for relief.

Plaintiff alleges that defendants Primm, Guillen and Jacobsen destroyed some of his personal property during a cell search. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation

1  remedy, only authorized, intentional deprivations constitute actionable violations of the Due

2  Process Clause.  An authorized deprivation is one carried out pursuant to established state

3  procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985);

4  see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

5        In the instant case, plaintiff has not alleged any facts which suggest that the

6  deprivation was authorized, i.e. pursuant to a state policy, for example.  The California

7  Legislature has provided a remedy for tort claims against public officials in the California

8  Government Code, §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state

9  system, he cannot sue in federal court on the claim that the state deprived him of property

10 without due process of the law.  The court concludes that this claim must, therefore, be dismissed

11 as frivolous.  See 28 U.S.C. § 1915(d).

12       Plaintiff next alleges that defendants Horel, Scotland, Crawford, Pearson and

13 Grannis denied his administrative appeals regarding the excessive force and improper search

14 discussed above.  Plaintiff alleges that by denying the appeal, defendants conspired with the other

15 defendants to cover-up these incidents.  Other than this conclusory assertion, plaintiff provides

16 no specific facts to support this claim.  The allegation that defendants denied the appeals,

17 standing alone, does not sufficiently demonstrate that they were involved in a cover-up.  Because

18 these claims are vague and conclusory, they are dismissed with leave to amend.

19       Plaintiff alleges that defendant Cervantes, in reviewing plaintiff's administrative

20 appeal of the excessive force and improper search incidents, compiled false information.

21 Plaintiff does not describe this false information.  Without knowing the nature of the false

22 information, the court cannot determine whether plaintiff has stated a colorable claim for relief.

23 Accordingly, this claim is dismissed with leave to amend.

24       Plaintiff alleges that defendant Wong falsely charged him with a rules violation in

25 retaliation for plaintiff's filing of an administrative appeal.  Plaintiff alleges that defendant Huser

26 found him guilty of the rules violation despite the lack of evidence.  Plaintiff alleges that his

administrative appeal regarding the guilty finding was later granted. These allegations state a colorable claim for relief against defendants Wong and Huser.

The complaint contains no specific allegations against defendants Tilton, Sisto or Hedlund. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Tilton, Sisto and Hedlund to the alleged deprivation, the claims against these defendants are dismissed with leave to amend.

Plaintiff is granted thirty days to file an amended complaint. If plaintiff files an amended complaint, he is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff's claims but for those discussed above against defendants Jacobsen, Primm, Hogan Guillen, Wong and Huser are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

3. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 10/1/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

mir2249.b